OPINION
{¶ 1} Defendant-appellant William Williams appeals from his conviction and sentence for Felonious Assault. Initially, Williams's appellate counsel filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, indicating that he could find no potential assignments of error having arguable merit. By decision and entry filed March 10, 2006, we decided that there is at least one potential assignment of error having arguable merit — whether Williams's maximum sentence for Felonious Assault is unconstitutional under State v. Foster (2006),109 Ohio St.3d 1, 2006-Ohio-856 — and ordered counsel to file a brief on Williams's behalf raising that issue, and any other issues counsel might find, in his professional judgment, to have arguable merit.
 {¶ 2} Williams's counsel has filed a brief, challenging his maximum sentence pursuant to State v. Foster, supra, and arguing that his sentence should be reversed, and this cause remanded for re-sentencing in accordance with Foster. The State has filed an answer brief, agreeing with Williams that this cause should be remanded to the trial court for re-sentencing in accordance with Foster.
 {¶ 3} Williams's sole assignment of error is as follows:
 {¶ 4} "THE SENTENCE WAS CONTRARY TO LAW, WAS BASED ON AN UNCONSTITUTIONAL STATUTE [R.C.] 2929.14(C) AND WAS EXCESSIVE."
 {¶ 5} We agree that, following State v. Foster, supra, Williams's sentence is based on an unconstitutional statute. To that extent, his sentence is contrary to law. We find it premature to determine whether Williams's sentence is excessive. On remand, the trial court will exercise its discretion, pursuant to State v. Foster, and re-sentence Williams. He may then appeal if he concludes that his sentence is excessive.
 {¶ 6} Williams's sole assignment of error is sustained in part. His sentence is Reversed, and this cause is Remanded for re-sentencing in the light of State v. Foster, supra.
Grady, P.J., and Wolff, J., concur.